UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS RODRIGUEZ, | |
| Plaintiff, | |
| -against- | 22-CV-7288 (LTS) |
| S. BLANDING; DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, | ORDER TO AMEND |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that, when he was incarcerated at Sing Sing

Correctional Facility (Sing Sing), another prisoner assaulted him, causing him serious injuries.

By order dated August 29, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Dennis Rodriguez alleges the following facts in his complaint. On June 23, 2022, Plaintiff was in the "A-block yard" at Sing Sing. (ECF 2 at 4.) He was taking out a cigarette to roll, when another prisoner, S. Blanding, struck him from behind. The blow caused Plaintiff to fall and hit his head on the toilet and the floor. Blanding then cut Plaintiff's face with

a "white cutting object." (*Id.*) As a result of the assault, Plaintiff now cannot hear well in his right ear, and he suffers from headaches.

The following day, Plaintiff reported the incident to Sing Sing officials. (*Id.*) Pictures were taken of his face. Plaintiff contends that DOCCS has failed to provide "proper treatment." (*Id.*) He sues DOCCS and S. Blanding, for alleged violations of his constitutional rights, seeking damages.

## DISCUSSION

### A.    Section 1983 Claims Against Prisoner Blanding

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff alleges that the individual who assaulted him was another prisoner, Defendant S. Blanding. Because Defendant Blanding is a private party, who was not acting as a state or other government employee, Plaintiff cannot bring a claim against him under Section 1983. Plaintiff's federal claims against Defendant Blanding under Section 1983 are therefore dismissed without leave to replead.[2]

---

[2] Nothing in this order prevents Plaintiff from including a supplemental state law claim against a private party, such as Blanding, that arises from the same incident as his federal claim.

**B.      New York State DOCCS**

Plaintiff contends that he received inadequate medical care for injuries that he suffered in

DOCCS custody. (ECF 2 at 4.) In addition, the allegations might be construed as a claim for

failure to protect him from assault. Plaintiff brings these Section 1983 claims against DOCCS,

which is a New York State agency. "[A]s a general rule, state governments may not be sued in

federal court unless they have waived their Eleventh Amendment immunity, or unless Congress

has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355,

366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the

states themselves to state agents and state instrumentalities that are, effectively, arms of a state."

*Id*.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment

therefore bars Plaintiff from bringing his Section 1983 claims against DOCCS in federal court,

and these claims against DOCCS are dismissed.[3]

---

[3] A plaintiff can sue a state official in his or her official capacity, notwithstanding the
Eleventh Amendment, if the plaintiff "(a) alleges an ongoing violation of federal law and
(b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612,
618 (2d Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Berman Enterprises, Inc. v.*
*Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) ("[A]cts of state officials that violate federal
constitutional rights are deemed not to be acts of the state and may be the subject of injunctive or
declaratory relief in federal court." (*citing Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).
Because Plaintiff is no longer incarcerated at Sing Sing, if he amends his complaint to assert
official-capacity claim(s) against Sing Sing officials, a claim for injunctive relief may be moot.
*See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("A case is deemed moot where the
problem sought to be remedied has ceased, and where there is no reasonable expectation that the
wrong will be repeated.") (citations and quotations omitted).

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, granting leave to amend would not necessarily be futile because the Eleventh Amendment does not bar claims against state employees in their personal capacities from proceeding in federal court. *See, e.g., Jorling*, 3 F.3d at 606 ("[T]he eleventh amendment does not extend to a suit against a state official in his individual capacity."). If Plaintiff asserts in his amended complaint Section 1983 claims against individual DOCCS employees in their personal capacities, Plaintiff must name the individual(s) in the caption of the complaint and describe in the body of the complaint what any individual did or failed to do that violated his rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). To state a Section 1983 claim for deliberate indifference to a risk of serious harm, Plaintiff must also allege facts under the standards set forth below.

## C.      Deliberate Indifference Claims Against Individuals in their Personal Capacities

The Eighth Amendment to the United States Constitution protects convicted prisoners against deliberate indifference to conditions that pose a substantial risk of serious harm, including protecting them against constitutionally inadequate medical care, *Harrison v. Barkley*, 219 F.3d 132 (2d Cir. 2000), or from harm caused by other prisoners, *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).

Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable

risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal

quotation marks and citation omitted). The deliberate indifference standard "contemplates a

condition of urgency such as one that may produce death, degeneration, or extreme pain."

*Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison*, 219 F.3d at 136 (holding

that for a constitutional claim, the medical need must be a "sufficiently serious" condition that

"could result in further significant injury or the unnecessary and wanton infliction of pain")

(internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted

with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment,

*Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280

(2d Cir. 2006)), or failing to protect him from a risk of harm from another prisoner. For an Eighth

Amendment claim, "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Farmer*, 511 U.S. at 837. Thus, an official is not liable under the Eighth Amendment for "failure

to alleviate a significant risk that he should have perceived but did not." *Id.*  In addition, the mere

negligence of a correctional official is not a basis for a claim of a federal constitutional violation

under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*,

474 U.S. 344, 348 (1986). The Court grants Plaintiff leave to replead his claims for deliberate

indifference to his serious medical needs or to a known risk of serious harm to him from

Defendant Blanding.

## LEAVE TO AMEND

Because Plaintiff may be able to allege additional facts to state a valid claim against one

or more individual defendant(s), the Court grants Plaintiff 60 days' leave to amend his complaint

to detail his claims. First, Plaintiff must name as the defendant(s) in the caption and in the

statement of claim those individuals who were allegedly personally involved in the deprivation
of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that
individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended
complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of
limitations period governing this action, and Plaintiff is responsible for ascertaining the true
identity of any "John Doe" defendants and amending his complaint to include the identity of any
"John Doe" defendants before the statute of limitations period expires.[5]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must
provide a short and plain statement of the relevant facts supporting each claim against each
defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff
should include all of the information in the amended complaint that Plaintiff wants the Court to
consider in deciding whether the amended complaint states a claim for relief. That information
should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do,
    the approximate date and time of each event, and the general location where each
    event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
    relief.

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on
duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[5] Should Plaintiff seek to add a new claim or party after the statute of limitations period
has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil
Procedure.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7288 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, Plaintiff's Section 1983 claims will be dismissed based on Eleventh Amendment immunity and for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction of Plaintiff's state law claims, which will be dismissed without prejudice to his refiling them in state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 19, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____