UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS RODRIGUEZ,

                Plaintiff,

-against-

S. BLANDING; DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                Defendants.

22-CV-7288 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that, when he was incarcerated at Sing Sing Correctional Facility (Sing Sing), another prisoner assaulted him, causing him serious injuries. By order dated September 19, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 4, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his amended complaint, Plaintiff Dennis Rodriguez alleges the following facts. On June 22, 2022, at about 7:00 p.m., Plaintiff was in the "A-block yard" at Sing Sing. (ECF 6 at 4.) Defendant S. Blanding, who was also a prisoner, struck Plaintiff from behind with his fist, and then cut Plaintiff on the side of his temple, leaving Plaintiff dazed and off balance. Sergeant Mabry and two "John Doe" officers "rush[ed] into the bathroom but didn't see anything going on and didn't do anything because [Plaintiff] didn't report the incident until the next day." (*Id.*)

Defendant Blanding then left "on the e[arly] go-back," so that Plaintiff could not retaliate against him.

Plaintiff was traumatized and had serious injuries, including a fractured skull and "busted right ear drum." (*Id.*) Plaintiff states that he had felt unsafe at Sing Sing but "police did nothing to help [him]." (*Id.*) Plaintiff states that, after he reported Blanding's attack the following day, "all that happen[ed] was [that] pictures were taken," presumably of Plaintiff's injuries.

Plaintiff brings this suit under Section 1983 against Defendants S. Blanding, Sergeant Mabry, and the two John Doe officers. Plaintiff seeks $2 million and counseling for his trauma.

## DISCUSSION

**A.    Deliberate Indifference Claims**

The Eighth Amendment to the United States Constitution protects convicted prisoners against deliberate indifference to conditions that pose a substantial risk of serious harm, including harm caused by other prisoners. *See Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).

To state a claim for deliberate indifference, a plaintiff must allege facts sufficient to satisfy an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). This aspect of the deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in failing to protect him from a risk of harm from another prisoner. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). For an Eighth

Amendment claim, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Thus, an official is not liable under the Eighth Amendment for "failure to alleviate a significant risk that he should have perceived but did not." *Id.* In addition, the mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

In the Order to Amend issued on October 4, 2022, the Court granted Plaintiff leave to replead his claims that defendant officials were deliberately indifferent to a known risk of serious harm to him from Defendant Blanding, or were deliberately indifferent to his serious medical needs. In his amended complaint, Plaintiff names Sergeant Mabry and two John Doe officers who at some point "rushed" to the bathroom to investigate. (ECF 6 at 4.) Plaintiff alleges that he did not notify them of his altercation with Blanding until the following day. Plaintiff has not pleaded any facts suggesting that Defendants Mabry and the John Doe officers were aware of facts from which they inferred that Plaintiff faced a serious risk of harm and disregarded that risk. Plaintiff thus fails to state a claim against these Defendants under the Eighth Amendment for deliberate indifference.

**B.     Defendant Blanding**

The Court notified Plaintiff in the October 2022 Order to Amend that a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff alleges that Defendant S. Blanding, who assaulted him, was an incarcerated individual rather than a government employee or official. Because Defendant Blanding is a private party, who was not acting on behalf of the government, Plaintiff cannot bring a claim against him under Section 1983. Plaintiff's federal claims against Defendant Blanding under Section 1983 are therefore dismissed.

Plaintiff may also be asserting supplemental state law claims. Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); 28 U.S.C. § 1367(c)(3). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).[1]

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 against all defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

---

[1] Nothing in this order prevents Plaintiff from bringing his state law claims in an appropriate forum, such as a state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   December 5, 2022
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge